Per Curiam.
 

 The act of 1822, chapter 257, section 4, which enacted that no property of the Society of the 27ew York Hospital should be subject to be taxed by virtue of any law of this State, did not constitute a contract, but was a spontaneous concession by the legislature, not connected with any service or duty imposed upon the corporation. It was, there
 
 *504
 
 fore, subject to modification or repeal. (Rector,
 
 etc. of Christ Church
 
 v.
 
 County of Philadelphia,
 
 24 Howard U. S., 300.)
 

 We are of opinion that the act of 1869, chapter 875, section 2, was valid and effectual, and so modified the act of 1822 as to deprive the lots in question of the benefit of exemption from taxation. It provides that the real estate of the Hew York Hospital, except buildings which are actually used for hospital purposes, shall be liable to taxation, in the same manner as other property. The return of the commissioners shows that the lots in question were not used for hospital purposes, at the time of the imposition of the tax by the respondent.
 

 Two objections are now taken to the validity of the enactment in question: 1st. That it is contained in a local bill, and that the subject of the enactment is not expressed in the title of the act; and, secondly, that the description, “real estate of the Hew York Hospital,” does not designate lands of
 
 “
 
 The Society of the Hew York Hospital.”
 

 The title to the act of 1869 is,
 
 “
 
 An act to make provision for the government of the county of Hew York.”
 

 This was the usual title of the bill, generally known as the county tax levy, which was annually passed by the legislature, to enable the supervisors to raise money by taxation and otherwise, for the purpose of defraying certain expenses of the government of the county. The act specifies the purposes for which the moneys are to be raised, and the amounts and the manner of raising the required sums. It authorizes the raising of a part of these moneys by tax, and part by the issue of bonds, and provides for the levying - of taxes in future years, for the payment of the principal and interest of such bonds. It declares that the taxes thereby authorized shall be imposed upon the estates subject to taxation according to law, within the county, and adds to those estates, one which had previously been specially exempted from taxation, viz.: certain real estate of the Hew York Hospital. All of these provisions relate to the one common subject of making provisions for the government of the county.
 

 The Constitution does not require that every detail of a
 
 *505
 
 bill, which affects private or local interests, be set out in the title, or made the subject of a separate act. If all these details are fairly embraced in the subject which is mentioned in the title, the Constitutional provision is complied with.
 
 (Sun Mutual Ins. Co.
 
 v.
 
 The
 
 Mayor,
 
 etc.,
 
 8 N. Y., 252, 253.)
 

 To require that the title of every private or local bill should give express notice of all the provisions which it contains, or of every private interest which it affects, would be to demand more than is reasonable or practicable. The Constitution has gone as far in that direction as was deemed wise, by confining every such bill to one subject, to be expressed in the title. The subject of this bill was, making provision for the county government. This title was well understood as referring to the raising and appropriating of money, and the imposition of
 
 taxes;
 
 and these acts necessarily involved the consideration of the property to be taxed in that locality. If the property, already subject by law to taxation, was deemed insufficient, or if it was found necessary to resort to property previously exempted, it was not foreign to the subject of the bill to remove or modify that exemption, and thus add to the subjects of taxation.
 

 We think the property in question was sufficiently described in the act of 1869, as real estate of “ The Hew York Hospital.” The variance in the corporate name consisted only in the omission of the prefix
 
 “
 
 The Society of.” It was not shown or claimed that there was any other hospital having property in the city of Hew York, not liable to taxation, or to which the name used in the act of 1869 could apply. Ho want of identity is suggested in the petition. On the contrary, the petitioners set forth in their petition the act of 1869, and aver that the tax complained of was imposed by virtue of that act, and claim the tax to be invalid, not on the ground that the Society of the Hew York Hospital is not the corporation intended by the act, but that any law, subjecting the property of that corporation to taxation, is an act impairing the obligation of a contract.
 

 Hnder these circumstances the mere omission in stating the
 
 *506
 
 corporate name of descriptive words, which can be implied from the residue of the name, is not a material variance.
 

 In the case of
 
 The Mayor, etc., of Lynne
 
 (10 Co., 122 b), where the corporate name of the plaintiff was “ The Mayor and Burgesses of
 
 the borough
 
 of Lynne Regis,” and they were named in a bond as “ The Mayor and Burgesses of Lynne Regis,” the variance was held immaterial, the court expressing the opinion that, in case of such a mere verbal misnomer, the party Seeking to avoid the instrument should be driven to show that there was some other corporation bearing the name used in. the deed ; and that a deed, by or to a corporation, ought not to be avoided by nice and verbal variances when the true name appears, either by matter expressed in the words used, or necessarily implied therein. (S. C., p. 126
 
 b.)
 

 Here the substance of the corporate name was
 
 “
 
 The Hew York Hospital.” The prefix, “ The Society of,” was not a distinctive appellation but a description of the character of the body, which would necessarily be implied from its use of a collective or corporate name. The omission of such a prefix, though adopted as part of a corporate name, is not a fatal variance-; as, for instance, where an action was brought by “ the president, managers and company of the Berks and Dauphin Turnpike Road ” upon written agreement, and the writing produced was with
 
 “
 
 The Berks and Dauphin Turnpike Company,” the variance was held not to be fatal. (6 Sergeant & Rawlins, 12, II.) Many similar cases might be cited.
 

 The act of March 23d, 1810, and the general appropriation bills -for many years past, contain appropriations for
 
 “
 
 The Hew York Hospital,” and mention no other institution in the city of Hew York bearing a similar name.
 

 We
 
 think that the legislature has clearly manifested its intention to modify and restrict the exemption contained in the act of 1822. That it had power to do so; that the manner in which it has exercised this power is not in contravention of section 16, of article 3, of the Constitution of 1846;
 
 *507
 
 and that it is, consequently, our duty to give effect to its act.
 

 The judgment of the Supreme Court must, therefore, be affirmed with costs.
 

 CironcH, Oh. J., Allen, Q-boveb and Peokham, JJ., concur ; Rapallo, J., not voting; Folgee, J., absent.
 

 Judgment affirmed.