Drake *v.* Mayor, &c., of the City of New York.

---

## ISAAC J. DRAKE *v.* THE MAYOR, &c., OF THE CITY OF NEW YORK.

### GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.)

The provisions of section 3 of chapter 382 of Laws of 1870, prohibiting the board of supervisors of New York county from creating any new office or department, &c., are, *it seems*, embraced within the title of the act, and constitutional. (Per DAVIS, J.)

Section 6 of chapter 264 of 1858, by which the police justices are empowered to appoint for their courts "such other clerical help * * * as shall be deemed necessary by the board of supervisors," does not give the appointing power to the supervisors, but to the justices.

*Held*, accordingly, that an appointment made under that section of an assistant clerk, ratified by the board of supervisors, was not an appointment by the supervisors, and not prohibited by section 3 of chapter 282 of the Laws of 1870.

The restriction upon the power of increasing salaries made by section 11 of chapter 876 of the Laws of 1869, is within the scope and title of that act.

The board of supervisors of New York by resolution fixed the plaintiff's salary as assistant clerk of the Police Court at the same amount as allowed to the clerks of that court. The amount of salary allowed to these clerks had been fixed at $2,500 and increased to $4,000. *Held*, the increase being illegal under chapter 876 of 1869, that the resolution of the supervisors must be construed to have intended the amount *law*

Drake *v.* Mayor, &c., of the City of New York.

*fully* allowed to those clerks, viz., $2,500, and that plaintiff must be deemed to have known the illegality of the increase.

The non-presentment for audit of a claim for official salary against the city of New York, accrued during 1871, to the board of auditors created by chapter 9 of 1872, does not work a forfeiture of the claim, but only of the right to demand payment out of the moneys raised under the provisions of that act.

The provisions of section 10 of chapter 876 of 1866 are applicable only to the appropriations made by that act.

MOTION for judgment on a verdict taken subject to the opinion of the court at General Term. The facts are stated in the opinion.

*Joseph H. Dukes,* for the plaintiff.

—— *Dean,* for the defendant.

Present—INGRAHAM, P. J., DAVIS and FANCHER, JJ.

DAVIS, J. By section 6 of chapter 264 of the Laws of 1858, the police justices were empowered to appoint for the respective courts at which they might be assigned "such other clerical help, to be denominated assistant clerks, as shall be deemed to be necessary by the board of supervisors of said county, upon the application of said justices." The same section provided that the salary of such assistant clerks should be fixed by the board of supervisors, and that their term of office should be the same as the clerks of those courts.

On the first of May, 1870, one of the police justices, assigned to and holding the Fourth District Police Court, appointed the plaintiff as Police Court clerk, and notified the board of supervisors that the business of the court requiring additional clerical help, he had made such appointment, and requested the board to fix a salary for such clerk. In compliance with this request the board of supervisors passed a resolution on the 26th day of May, 1870, which was approved by the mayor on the same day, fixing the salary of plaintiff " at the same amount as is now allowed Police Court

clerks; said salary to date from the time of his appointment, May 1, 1870."

This resolution was, in legal effect, a declaration that the "additional clerical help" was deemed necessary by the board, and operated as a ratification of the act of the police justice in making the appointment.

It is insisted on the part of the defendant that the appointment of plaintiff was void, because in violation of the provisions of chapter 382 of the Laws of 1870. The particular provision referred to is in the third section of the last named act, and in the following words: "and the board of supervisors of the county of New York are hereby prohibited from creating any new office or department, or increasing the salaries of those now in office or their successors."

The constitutionality of this provision has been elaborately discussed by counsel; the ground asserted being that it is not embraced within the title of the act, as required by the sixteenth section of article 3 of the Constitution of this State. I am strongly inclined to the opinion that the provision is not obnoxious to any constitutional objection; but it is unnecessary, I think, to determine that question. The appointment in question was not made by the board of supervisors; nor is the authority to make it conferred upon them by law. The act of 1858, under which the plaintiff was appointed, gives the power of appointment to the police justices, with a limitation upon the power that prevents its exercise except when the board of supervisors deem it to be necessary. The expression of the opinion, on the part of the board, that "the additional clerical help" appointed by the justices is deemed to be necessary is not the creation of an office by the board, within the meaning of the prohibition of the act of 1870. The office is created by virtue of the power given by law to the police justices. The board of supervisors have no power to create the office. They may assent or dissent to its necessity; and there, so far as affects the question of appointment, their power ends. They are not prohibited from expressing their opinion on the question

Drake *v.* Mayor, &c., of the City of New York.

whether an office, the power to create which is vested in some other board, officer or department of the city, is necessary and proper or not; and public policy requires that an act forbidding the board to create a new office should not be held to prohibit the exercise of appointing powers expressly conferred by law on others.

The resolution of the 26th of May, 1870, fixed the salary of the plaintiff "at the same amount as now allowed Police Court clerks." By the ordinance of December 31st, 1864, the salary of such clerks was fixed at $2,500 per annum. On the 20th of December, 1869, the board of aldermen adopted a resolution fixing the salary of the Police Court clerks at° $4,000; and the board of assistant aldermen also adopted the resolution on the 24th of December. The mayor returned the resolution without his approval and without objection. By section 11 of chapter 876 of the Laws of 1869, the common council were expressly prohibited from increasing the salaries of officials then in office. It is insisted that this prohibition was unconstitutional because it relates to a subject not expressed in the title of the act. I think this objection is not well taken. The act was one for the purpose of providing for the raising and disbursing of moneys required for municipal purposes; and the restriction upon the increasing of salaries is a subject within both its scope and title. (*Sun Mutual Ins. Co.* v. *The Mayor*, 8 N. Y., 252; *People ex rel. Davies* v. *Commissioners of Taxes*, 47 N. Y., 504.)

The resolution of the 20th of December was, therefore, void; it having been adopted in violation of express law. The plaintiff must be held to know that the common council, in passing that resolution, were acting without authority, because every man is presumed to know the general laws of the State, and the limitations imposed by them upon public officers. (*Donovan* v. *The Mayor*, 33 N. Y., 291, 293, and cases cited by PORTER, J., at p. 293.)

It follows that the resolution of the board of supervisors of May 26, 1870, fixing plaintiff's salary at the amount then allowed Police Court clerks, must be deemed to mean the

amount *lawfully allowed ;* to ascertain which, reference must be had to the ordinance of 1864, which fixed the salaries at $2,500.

The only remaining question necessary to be alluded to is whether the recovery, at the rate above named, can be had for the salary which accrued in 1871. The objection made is that the salary for that period was not audited by the board of audit created by chapter 9 of the Laws of 1872, and as provided for by the same section of that chapter. I am of opinion, since there are no words of exclusion precluding the payment of salaries legally fixed, and which were past due, unless first so audited, that that section must be construed to require such auditing in order to entitle the salary to payment out of the fund authorized to be created by that act. If plaintiff failed to have his salary, accruing in 1871, audited by that board, he had no title to demand its payment out of the moneys raised under the provisions of the act; but, in my judgment, his failure to entitle himself to participate in those moneys did not work a forfeiture of the salary itself.

The sixth section of chapter 586 of the Laws of 1867 has, in my opinion, no application to the case. It is by its terms limited to judgments " in actions upon contract, made in the year one thousand eight hundred and sixty-six." The plaintiff's contract was not made till May, 1870. If counsel intend to refer to the tenth section of chapter 876 of the Laws of 1866, I think that section should be regarded as applicable to appropriations made by that act.

The principle of *Donovan* v. *The Mayor* (33 N. Y., 291) does not apply to this case, as is clearly shown by FANCHER, J., in the case of *Quinn* v. *The Mayor, &c.* (MSS. of FANCHER, J.).

It follows that plaintiff is entitled to judgment for his salary from first of September, 1871, to first of August, 1872, at the rate of $2,500 per annum.

Judgment accordingly.