The State *v.* Burgoyne.

## THE STATE *v.* J. R. BURGOYNE.

1. CONSTITUTIONAL LAW. *Police power of the State. Act March* 17, 1879, *to prevent sale of pistols, construed.* It is competent for the Legislature, in virtue of the police power of the State, to pass a law that may in the future interfere with rights that once existed under a license that has expired before the law goes into effect.

2. SAME. *Privilege license.* The grant of a privilege license, being a governmental power, may be withdrawn at the discretion of the Legislature.

3. CASE IN JUDGMENT. A merchant under his license purchased a stock of pistols for sale, which had not been exhausted at the expiration of his license, and was indicted and convicted, under this act, for offering to sell the same. The trial court arrested the judgment upon the ground that the act in question was, as to his remaining stock, in conflict with sec. 8, art. 1, of the Constitution of this State, and also with the fourteenth amendment to the Federal Constitution, which protect every man in the right of property, and the State appealed. *Held,* erroneous.

---

### FROM SHELBY.

---

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

ATTORNEY-GENERAL LEA for the State.

GANTT & PATTERSON for Burgoyne.

TURNEY, J., delivered the opinion of the court.

The act of the General Assembly of the State, passed March 14, and approved March 17, 1879, entitled "An act to prevent the sale of pistols," provides:

"Sec. 1. That it shall be a misdemeanor for any

person to sell, or offer to sell, or to bring into the State for the purpose of selling, giving away, or otherwise disposing of, belt or pocket pistols, or revolvers, or any other kind of pistols, except army or navy pistols; provided, that this act shall not be enforced against any persons now having license to sell such articles until the expiration of such present license.

"Sec. 2. That any person guilty of a violation of this act, shall be subject to presentment or indictment, and on conviction shall pay a fine of not less than twenty-five nor more than one hundred dollars, and be imprisoned at the discretion of the court."

Burgoyne is a merchant in the city of Memphis. Before the passage of the act quoted he brought to his business pistols of several kinds. His merchant's license had not expired at the time of importation. Subsequent to the 17th of March, 1879, and after the expiration of the license under which he was operating at the date of the importation of the pistols, but while he was exercising merchants' privileges under a second license, he sold to customers pistols other than army or navy. He was convicted and judgment arrested. The State appeals.

The judge trying the cause below holds the statute invalid as to the sale or giving away of pistols that were owned by the defendant at and before the passage of the act; that such were a part of his stock in merchandise before the act became a law; that the act can only apply to pistols brought into or manufactured in the State after the passage of the law.

The act takes effect "from and after its passage."

The State *v.* Burgoyne.

And as we have seen, provides, that to sell or offer to sell, constitutes an offense.

The question is, can the Legislature pass a law that may in the future interfere with rights that once existed under a license that has expired. before the law goes into effect?

If the Legislature may not to-day pass a law to prohibit the sale of articles contraband of peace and good morals, because a man six months ago, under a different law, supplied himself with such articles for the purposes of sale and profit, it results that so long as the merchant may have, as a part of his stock, goods purchased before the passage of the new law, he may continue to operate under the old or repealed law, no matter how long the time may be between the introduction of the new law and the completion of the closing out sales of the prohibited articles. Thus the right to sell will continue for an indefinite period of time.

The restrictive, or rather prohibitory power exercised by the Legislature in this instance is a governmental one, and used for police purposes.

The clause under which the defendant is convicted operates in *presenti*, and creates a distinct offense to those to which his Honor holds the law to apply. In fact, the holding is to the effect that the purchase under a license authorizing a sale at that time vests the merchant purchaser with the irrevocable right to sell at any and for all time and at his discretion so long as the stock holds out.

The law under consideration is in aid of the law

prohibiting the wearing of pistols. The latter has repeatedly been holden by this court to be constitutional. It follows that no constitutional objection can be offered to this statute.

So, the whole matter resolves itself into a question of the power of the Legislature to make police regulations.

The purpose of the lawmakers was to put down the pernicious habit of going armed,—a habit that had grown into an almost universal custom, and one that could not be broken up so long as a traffic in the weapons was lawful. The latter law naturally sprung from the former. Both "look to the regulation of relative rights, privileges and duties as between individuals, to the conservation of order in the political society, to the encouragement of industry and the discouragement of pernicious employments."

Legislation for these purposes it would seem proper to look upon as being made in the exercise of that authority, inherent in every sovereignty, *to make all such rules and regulations as are needful to secure and preserve the public order and to protect each individual in the enjoyment of his own rights and privileges, by requiring the observance of rules of order, fairness and good neighborhood by all around him.* This manifestation of the sovereign authority is usually spoken of as the police power": Cooly on Taxation, 396.

The principles of this rule extend to the conference of the power of prohibition when, in the opinion of the Legislature, prohibition is necessary to the attainment of its ends.

Mr. Sedgwick, in his work "On the Construction of Statutory and Constitutional Law," pp. 435–6, says: "It has always been held that the Legislature may make, police regulations, although they may interfere with the full enjoyment of private property and though no compensation is given."

The private interests of the few must yield to the welfare of the many and good order in society.

The grant of a privilege license being a governmental power, may be withdrawn at the discretion of the Legislature.

Since writing the conclusions announced above, we have been furnished briefs by the counsel of the accused, in which it is insisted the act in question is repugnant to sec. 8, art. 1, of the Constitution of the State—"That no man shall be * * deprived of his life, liberty or property but by the judgment of his peers or the law of the land." And to the 14th amendment to the Federal Constitution—"Nor shall any State deprive any person of life, liberty or property without due process of law."

It is argued that the enactment destroys the right of property in pocket pistols, and in support of this theory we are referred to *Bartemeyer* v. *Iowa*, 18 Wall., 129, in which Justice Miller says: "The weight of authority is overwhelming that no such immunity has heretofore existed as would prevent State legislatures from regulating and even prohibiting the traffic in intoxicating drinks, with a solitary exception. That exception is the case of a law operating so rigidly ·

12—VOL. 7.

The State *v.* Burgoyne.

on property in existence at the passage of the act as to amount to depriving the owner of his property."

Judge Bradly says: "No one has ever doubted that a legislature may prohibit the vending of articles deemed injurious to the safety of society, provided it does not interfere with vested rights of property. Where such rights stand in the way of public good, they can be removed by awarding compensation to the owner."

Judge Field says: "I have no doubt of the power of a State to regulate the sale of intoxicating liquors when such regulation does not amount to destruction of the right of property in them. The right of property in an article involves the power to sell and dispose of such article as well as to use and enjoy it. Any act which declares that the owner shall neither sell it nor dispose of it, nor use and enjoy it, confiscates it and deprives him of his property without due process of law. Against such arbitrative legislation by any State, the 14th amendment affords protection."

If we admit these rulings to be restrictive of legislative power, does the case fall within them? Is the owner of the pistols deprived of the right of property therein? Does the act declare the owner shall neither sell nor dispose of them, nor use and enjoy them? Does it confiscate them and deprive him of his property without due process of law?

We think the proviso to the statute is a full and complete answer to every objection suggested by the several questions. It is: "Provided, that this act

shall not be enforced against any *person now having license* to sell such articles, until the expiration of such present license." This, in our opinion, preserves the right of property in its use, sale and enjoyment. All rights existing under a license had at the passage of the law are expressly reserved to the merchant. We must presume the time allowed was ample, as the agreed state of facts makes no question upon it.

The brief makes three concessions, the third of which is: "The Legislature may enact laws to regulate property and restrain and direct the use of it, in the exercise of the police power, as the public welfare may require it." This, we conceive, is as far as the Legislature has gone by the statute before us. It has given to the owner of property the right to sell, within a sufficient time, that property which the public welfare requires shall not be sold at all. The law does not "operate so rigidly on property in existence at the passage of the act as to amount to depriving the owner of his property." The vested rights of property in the articles deemed injurious to the safety of society stood in the way of the public good; such rights have been compensated for and protected by the proviso. The regulation of the sale of the articles does not amount to destruction of the right of property in them.

The judgment of arrest is reversed. The judgment assessing a fine is affirmed, and the cause remanded for its execution.