CASE 49—INJUNCTION—JANUARY 20, 1899.

# Superintendent of Common Schools of Daviess County v. Taylor.

### APPEAL FROM DAVIESS CIRCUIT COURT.

SUPERINTENDENT OF COMMON SCHOOLS—POWER TO REVOKE TEACHER'S CERTIFICATE.—The county superintendent of common schools has no power to revoke a teacher's certificate, because such teacher furnished assistance to an applicant for a certificate, while he was being examined for that purpose. Rendering such assistance is neither "incompetency, neglect of duty, immoral conduct or other disqualification" within the meaning of sec. 4417 of the Kentucky Statutes; nor is it within the meaning of sec. 4503 of same, providing "if at any time the holder of a county certificate should be found incompetent, inefficient, immoral or otherwise unworthy to be a teacher the county superintendent shall revoke the certificate of such person." Nor is it inhibited by sec. 4425 of same providing that the examiners "shall see that the applicants are seated at the proper distance from each other, and shall take care that no assistance is given or obtained by any applicant during the examination, and shall refuse to grant a certificate to any applicant who may either obtain or give such assistance."

LaVEGA CLEMENTS FOR THE APPELLANT. (BIRKHEAD & CLEMENTS OF COUNSEL.)

The statutes confer upon the county superintendent discretion to revoke appellee's certificate subject to appeal to the Superintendent of Public Instruction. Ky. Stats., secs. 4503, 4506, 4417, 4418, 4453; Stephens v. Marrs, 19 Ky. Law Rep., 1623

SWEENEY, ELLIS & SWEENEY FOR THE APPELLEE.

1. The notice or citation states no fact authorizing a revocation of appellee's certificate. It states no fact at all, and is but a naked conclusion.

2. Appellant, on the statement contained in the notice, should not be

allowed to try appellee even if it should be held that the notice is good.

3. The certificate of a teacher of the common schools in this State can, in no event, and under no circumstances, be revoked for giving assistance to a co-applicant  The maximum punishment for such an offense, and which can only be exercised by the Board of Examiners, is to withhold a certificate from an applicant who gives or receives assistance while under examination for a certificate., Sec. 4425, Ky. Stats.; Hornecker v. Board of Education, 42 W. Va., 107; School District of Ft. Smith v. Maury, 14 S. W., 669.

4. The superintendent of county schools, acting in his individual capacity, has no jurisdiction, either to withhold a certificate for the offense charged in sec. 4425 of Ky. Stats., or to revoke a certificate for the offense there declared.  The jurisdiction is in the Board of Examiners and not the superintendent of county schools.  Ky. Stats., secs. 4425, 4503, 4506, 4510.

5. Sec. 4425 applies only to such persons as are at the time undergoing examinations for certificates, and the notice failing to state that appellee was then being examined for a certificate to teach in the common schools is fatally defective.

6. A violation of sec. 4425 is not an act importing moral turpitude, and does not render the offender "unworthy to be a teacher."

7. The phrase "otherwise unworthy to be a teacher," in sec. 4503, which authorized the superintendent of county schools to revoke a certificate, has no application to the charges stated in the notice in this case.  Lee v. Huff, 33 S. W. R., 848; King v. Thompson, 87 Pa. St., 365; McCutcheon v. Windsor, 55 Mo., 149.

8. The order made in this case by a judge of the Court of Appeals, in vacation, was void for want of jurisdiction.  Civil Code, sec. 297; Gibbs v. Board of Aldermen of Louisville, 95 Ky., 471.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellee, Taylor, is a teacher in the common schools of Daviess county, and had obtained a first-class certificate of qualification from the board of examiners of that county, in June, 1897, entitling him to teach for four years from that date.  Whilst performing his duties as such teacher, he was, in June, 1898, served with the following notice:

"Office of Superintendent of Common Schools, Daviess County, Ky. Owensboro, Ky., June 23, 1898. To S. W. Taylor: You are hereby notified that it appears to the satisfaction of the county superintendent on personal observation, and from facts that have otherwise come to his knowledge, that you are justly chargeable with a violation of the law regarding the examination of teachers for certificates to teach in the common schools of this county, specifically in this: That you gave unlawful assistance to one W. C. Gordon while he was being examined on the subject of arithmetic in the regular teachers' examination held in the city hall, Owensboro, Ky., June 17-18, 1898. You will take notice that at 9 o'clock a. m., on the 2d day of July, 1898, you will appear at my office, and show cause why your certificate should not be revoked. [Signed] R. L. Lancaster, Supt. Common Schools." Thereupon the appellee filed his petition in the Daviess Circuit Court, and asked for a writ of prohibition, if the officer about to try him was to be deemed a judicial tribunal, and for an order of injunction, if otherwise; the basis of his complaint being that the superintendent had no jurisdiction to revoke his certificate on the ground given in the citation. A demurrer to the petition was overruled, and an answer was filed, presenting solely the question of law already raised by the demurrer to the petition. A demurrer to the answer was sustained, and the superintendent, not pleading further, was prohibited and enjoined from hearing or determining the charge against appellee named in the citation. On the superintendent's appeal from this judgment, the main question to be decided is whether the superintendent is empowered, under the law, to hear and determine the charge named in the notice, and to revoke the certificate of appellee upon the establishment of the fact that the ap-

pellee had in fact given assistance to Gordon while he was being examined. It is not contended otherwise than that if the superintendent, clearly a judicial tribunal in the contemplated trial of the appellee, was without jurisdiction to try the appellee, and revoke his certificate, the circuit court had jurisdiction to prohibit the trial. The question whether there might have been an appeal by the appellee to the State superintendent from the order of the county superintendent revoking the certificate is argued, to some extent, by counsel for appellant; but this question does not seem pertinent here. If the superintendent had jurisdiction to try the case, the circuit court could not interfere, and its judgment would be a nullity. The first section of the statutes relied on by appellant as conferring such jurisdiction on the county superintendent is section 4417 of the Kentucky Statutes, which provides that, "for incompetency, neglect of duty, immoral conduct or other disqualification the county superintendent may suspend or remove from office any trustee, or teacher of a school under his supervision." It is hardly seriously insisted that this section applies to this case. The proceeding was not to suspend or remove the teacher, but to revoke his certificate,—a much more serious, and quite a different matter. Section 4503 of the statutes is also relied on; and this, so far as it relates to the subject at hand, provides that "if at any time, the holder of a county certificate should be found incompetent, inefficient, immoral or otherwise unworthy to be a teacher, the county superintendent shall revoke the certificate of such person." In connection with this section, we may refer appropriately to the provision of section 4425 of the statutes on the subject of giving or receiving assistance during the teachers' examination; and this is to the effect that the county board of ex-

aminers, during the examination of the teachers, "shall see that the applicants are seated at the proper distance from each other, and shall take care to see that no assistance is given or obtained by any applicant during the examination and shall refuse to grant a certificate to any applicant who may .either obtain or give such assistance." This last section can have no possible application to the case at hand.  The appellee was not an applicant for a certificate at the examination in June, 1898, when he is charged with having assisted Gordon in his arithmetic, and the punishment for giving such assistance is only to be meted out to applicants, and that, too, by the board of examiners, in refusing to grant a certificate.  The section, however, is significant in that it is the only reference in the law to the vice, if it be one, of giving or receiving assistance during the examination, and the only˙punishment fixed under the law is there prescribed. This punishment is not that proposed to be inflicted on the appellee.  Recurring to section 4503, the only other provision relied on by appellant, the question remains, does the giving of assistance to an applicant during his examination, by one who is not an applicant, but is a teacher, furnish ground for the charge that the teacher so assisting is "incompetent, inefficient, immoral or otherwise unworthy to be a teacher?"  We do not think the question admits of serious argument. Whatever danger to the common school system may be found in the practice of giving the teachers aid during their examinations for certificates, that danger would seem to be sufficiently provided against in the law imposing the express duty on the county superintendent and his associate examiners of seeing to it that no such assistance shall be given.  We are not told in what precise way the appellee gave his assistance to Gor-

don on the subject of his arithmetic. His counsel admits he may have spoken a word of cheer; but, whether so or not, we do not believe that his giving such assistance on the single occasion as charged made him "incompetent, inefficient, immoral or otherwise unworthy to be a teacher." Hence, we believe the appellant was without authority to try him for the alleged offense, or to revoke his certificate.

The judgment is affirmed.