SMITH, TREASURER, *v.* FARMERS BANK
OF NEWPORT, ARK.

Opinion delivered October 16, 1916.

1. STATUTORY CONSTRUCTION—RULE.—Statutes relating to the same subject must be considered as a whole and, to get at the meaning of any part of a statute, it must be read in the light of other provisions relating to the same thing.

2. PUBLIC INSTRUCTION—LICENSES TO TEACH—REVOCATION BY STATE SUPERINTENDENT.—The State Superintendent of Public Instruction has power to revoke licenses to teach, issued by himself. Kirby's Digest, § 7528; § 14, Act 431 of General Acts of 1911.

3. SCHOOLS—REVOCATION OF LICENSE TO TEACH—SALARY.—Where the license of a teacher, holding a license to teach issued by the State Superintendent of Public Instruction, is revoked by the State Super-

intendent, the directors of a school district have no authority to issue to said teacher a warrant on the school funds, in payment of services rendered after the revocation of the license.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; reversed and dismissed.

*Stuckey & Stuckey*, for appellant.

The county was not liable. The teacher's license had been revoked for cause. The Superintendent had power to revoke the license and due notice was given. Her contract to teach was terminated. The warrant was not negotiable and there can be no innocent holder of a school warrant issued without power or contrary to law. The warrant showed on its face that it was not to be cashed until approved by the County Superintendent and the bank was put on notice. The judgment should have been for defendant. Kirby's Digest, §§ 7573-4, 7615; Acts 1911, pp. 164-5; 71 Ark. 372; 84 *Id.* 520; 94 *Id.* 583; 108 *Id.* 1; 119 Ark. 592; 122 Ark. 337-8.

*Gustave Jones*, for appellee.

The County Superintendent cannot revoke a teacher's license—state-wide. There never was a revocation of the license prior to the issuance of the warrant. Proper notice of revocation was not given before the issuance of the warrant. In the absence of legislative enactment a County Superintendent has no authority to approve or disapprove a warrant for teacher's salary properly drawn by the directors of a school district. The only remedy plaintiff had was mandamus. Act No. 399, 1907, as amended Acts 1911, 268; Kirby's Digest, §§ 7508 to 7535, 7573; 61 Ark. 294; Kirby's Digest, § 7627-7665.

HART, J. The Farmers Bank of Newport, Arkansas, filed a petition for writ of mandamus against G. L. Smith, as treasurer of Jackson County, Arkansas, to compel him as such treasurer to pay a certain school warrant in the sum of $30.00, which had been transferred to it. The material facts are as follows:

On September 16, 1915, the Farmers Bank of Newport, Arkansas, became the owner in due course of business, of a school warrant in the sum of $30.00 issued to Tommie Hill for her services as a teacher by the directors of Jacksonport Special School District. On September 17, 1915, the warrant was presented by the bank to the county treasurer, who refused payment.

. . Tommie Hill held a first grade county certificate and made application for and secured a state-wide certificate to teach school, under Section 14 of Act 431 of the General Acts of 1911. She was employed by the directors of the special school district of Jacksonport in Jackson County, Arkansas, to teach school there. The license was issued to her by the State Superintendent of Public Instruction on June 15, 1915. She began to teach school at Jacksonport, Arkansas, and. after she had taught a month, complaint was made that she was not qualified to teach. On July 26, 1915, the State Superintendent of Public Instruction wrote to Tommie Hill that complaint had been made that she was not qualified to teach school and requested her to appear for re-examination before the County Superintendent of Schools for Jackson County at Newport in that county, on the 5th and 6th of August, 1915. On the 21st day of July, 1915, the State Superintendent of Public Instruction authorized the County Superintendent to cite her for re-examination. Tommie Hill appeared on the 5th day of August, 1915, and took the examination required of her except arithmetic. The County Superintendent sent the questions and answers to the State Superintendent of Public Instruction and the next week received a reply from his office stating that Tommie Hill was not qualified to teach school and that her license had been revoked. The County Superintendent notified the secretary of the School Board that her license had been revoked and that this terminated her contract with the school board. Tommie Hill did not send in her license for cancellation but the State Superintendent of Public Instruction sent out a formal notice to all the County Examiners and County

Superintendents of the State of the revocation of her license. This was done during the latter part of September, 1915. The County Superintendent refused to endorse on the warrant issued to Tommie Hill that it was approved by him because her license had been revoked before the warrant was issued and before the services were performed for which the warrant was issued. The circuit court found that the defendant showed no legal cause to refuse payment of the school warrant in question. That the warrant was owned and held by the plaintiff in due course of business and that it was entitled to its writ of mandamus. Judgment was rendered accordingly. The case is here on appeal.

(1-3) We think the court erred in granting the writ of mandamus. Tommie Hill held a certificate issued by the State Superintendent of Public Instruction. After she had taught a month complaint was made that she was not qualified to teach school. The State Superintendent cited her to appear before the County Superintendent of Jackson County, in which county she was teaching school, for re-examination; she appeared before him as requested and the questions propounded to her and the answers to the same were sent in to the office of the State Superintendent of Public Instruction. An examination of the papers showed that she was not qualified to teach school and the County Superintendent was notified that her license had been revoked. He in turn notified her and the directors of the school district in which she was teaching, that her license had been revoked and that terminated her contract with the school district. Notwithstanding this fact she continued to teach school and the warrant in question was issued to her for services performed after the board had been notified that her license had been revoked. It is true her license was not sent in for cancellation and was not formally cancelled by the State Superintendent, but this was not necessary. An examination of the papers and the declaration that her license had been revoked because she had been found incompetent to teach was all that was necessary.

This constituted a revocation of her license to teach. This brings us to the question of whether the State Superintendent had the power to revoke her license. Section 7528 of Kirby's Digest provides that the State Superintendent of Public Instruction shall have power to grant State certificates which shall be valid for life, unless revoked, to any person in the State who shall pass a thorough examination in all those branches required for granting county certificates, etc. The license was granted to Tommie Hill under Section 14 of Act 431 of the General Acts of 1911. This section provides that teachers holding a first grade county license may have their license made State-wide by applying to the State Superintendent of Public Instruction for an examination under the terms of the Act. It is true that the Act does not contain any provision giving the State Superintendent authority to revoke licenses issued by him, but it is a well settled principle of statutory construction that statutes relating to the same subject must be considered as a whole and, to get at the meaning of any part of it, we must read it in the light of other provisions relating to the same thing. So when section 14 just referred to, is read in connection with Section 7528 of Kirby's Digest, it is manifest that the Legislature intended to give to the State Superintendent the power of revoking licenses issued by him. Section 7528 provides that he shall have power to grant certificates which shall be valid for life unless revoked, evidently meaning unless revoked by him. So we think when Section 14 of Act 431 of the Acts of 1911 is read in connection with the section of Kirby's Digest relating to the same subject, it is evident that the State Superintendent of Public Instruction is given the power to revoke licenses granted by himself. This being true, it necessarily follows that the revoking of her license and notice to her and to the board of directors of the school district of that fact terminated her contract with the school district. She performed the services for which the warrant was issued after her license had been re-

voked and the directors of the school district had no authority to issue her a warrant on the school funds in payment of her services.

Therefore, the County Treasurer was right in not paying the warrant and the circuit court should not have directed a writ of mandamus compelling him to do so.

Other reasons are urged as grounds for a reversal of the judgment; but having reached the conclusion already stated, it is not necessary to consider them.

It follows that the judgment of the circuit court must be reversed and the petition for the writ of mandamus will be dismissed.