MEASLES *v.* OWENS.

Opinion delivered February 8, 1932.

*Searcy & Searcy,* for appellant.

*Atkins & Stewart,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment upon a petition for certiorari for review of an order of the county superintendent revoking appellee's license to teach in the public schools. The court sustained the petition, overruling the demurrer, and holding that the license to teach was wrongfully revoked by the superintendent, and set his order aside.

It is contended here that error was committed by the superintendent upon the hearing in refusing to disqualify himself, because of interest in the matter, and because of his testifying at the hearing of the proceedings.

Appellee was charged with not possessing the requisite moral character to teach, and cited for re-examina-

tion to show cause why his license should not be revoked. Upon the hearing, the license was revoked, and a petition for certiorari was filed in the circuit court asking a review of the proceedings, and alleging that the license was erroneously revoked, and that the superintendent was disqualified to hear and determine the matter, because he was an interested party and prejudiced against the petitioner, and further because he erred in testifying in the hearing in regard to admissions of immorality made by appellee to him. A demurrer was interposed to this petition, and a temporary order overruling the demurrer was made, and finally the order of the superintendent canceling the license was revoked, from which order this appeal is prosecuted.

Our statute provides for revocation of a license to teach by the county superintendent upon a citation for re-examination of the person holding such license upon his being satisfied by such re-examination that such person does not sustain a good moral character, etc. Section 8897, Crawford & Moses' Digest.

The statute clothes the county superintendent with special powers, and charges him with certain duties, giving him exclusive authority to hear and determine these matters and makes no provision for a hearing before any other agency or tribunal; and no error was committed therefore in overruling the objection to the competency of the examiner to conduct the hearing and make the proper order of revocation of the license upon his determination that it should be done.

Neither was error committed in the examiner being a witness in the hearing and testifying about the matter. He was only a ministerial officer, and not clothed with judicial power within the meaning of our statutes relative to disqualification of a judge called as a witness in matters before this court, and besides no objection was made to the introduction of this testimony. *Hall* v. *Bledsoe*, 126 Ark. 125, 189 S. W. 1041; 24 R. C. L., § 70, page 615; *Lee* v. *Huff*, 61 Ark. 949, 33 S. W. 846; *Stone* v. *Fritts*, 169 Ind. 361, 82 S. W. 792, 15 L. R. A. (N. S.) 1147, citing

*Doyle* v. *Continental Ins. Co.,* 94 U. S. 535, 24 L. ed. 148; *Smith* v. *Farmers' Bank of Newport,* 125 Ark. 549, 188 S. W. 1167.

The county superintendent being given exclusive jurisdiction of the matter, the allegations of the petition relative to his bias and interest and want of judicial capacity are without force. He must answer, of course, to the body responsible for his election for the manner in which he discharges his duties, so long as he keeps within his legitimate sphere, and his arbitrary and unwarranted actions are subject to review and correction upon certiorari.

The demurrer to the petition for certiorari should have been sustained, and, there appearing to be substantial testimony in support of the superintendent's finding, his decision and order revoking the license of appellee should not have been canceled and revoked by the lower court upon the certiorari, and its judgment is erroneous, and must be reversed, and the case dismissed. It is so ordered.