**THE ATTORNEY GENERAL**
**OF TEXAS**


GERALD C. MANN
XXXXXIGXXXXXSONXXXXXX
ATTORNEY GENERAL

Mrs. B. B. Sapp, Director and Executive Director
Teacher Retirement System of Texas
Austin, Texas

Dear Mrs. Sapp:

Opinion No. O-5097
Re: Whether retired member may re-
turn to teaching profession.

We have received your letter of February 9, 1943, which we quote in part as follows:

"In accordance with Section 5, Subsection 7 of the Teacher Retirement Law of Texas, should a member elect to receive his membership annuity in an annuity payable throughout life, may said member legally return to the teaching profession?

"If so, prescribe procedure for the Executive Secretary of the Teacher Retirement System of Texas to follow with referance to said cases."

In effect, you ask whether a member retired for years of service may be employed as a teacher under the terms of the Act.

In the outset, let us say that we believe that the purpose of the citizens of Texas in voting Section 48a, Article III, Constitution of Texas, which authorized the establishment of the Teacher Retirement System, and of the Legislature in passing the Teacher Retirement Act (Article 2922-1, Vernon's Annotated Civil Statutes), was two-fold: first, to reward and protect those members of an honored profession who have given years of service toward the instruction of Texas youth; second, to insure that our public educational system will be maintained on the highest level by relieving from duty those members of the profession who because of age and infirmity can no longer adequately render the vigorous services required of them by such educational system.

We will now proceed to construe the Act with these purposes in mind.

Section 3 of the Retirement Act provides that all persons who were teachers as of the date the Retirement System was established became members thereof <u>as a condition of</u>

their employment unless such teacher within a period of 90 days after September 1, 1937, filed with the State Board of Trustees of the Retirement System a notice of his election not to be a member. Said section also provides that beginning September 1, 1938, and thereafter, any teacher teaching for the first time in Texas shall become a member of the Retirement System as a condition of his employment. In other words, under such provisions, except for those teachers who filed a notice as above described, membership in the Retirement System is a condition of his employment as a teacher. It is settled that the State of Texas may prescribe the qualifications of teachers and may name the conditions under which the privilege of teaching may be exercised. We quote the following from the case of Marrs v. Matthews, 270 S. W. 586 (W. E. ref.):

"The public free school system in this State is largely the creature of the statute. While the Constitution directs its establishment, and makes provision for its support and maintenance, the organic details of the system are left mainly to the Legislature. To that body is committed the power to provide where public schools shall be located, how they shall be controlled and managed, the selection of subjects that shall be taught, and to fix the qualifications of those who may teach. While any citizen may have the inherent right to teach a private school for the instruction of the young, no one may claim an inherent right to teach in the public free schools. Since the State supplies the revenue to support such schools and pay the salaries of teachers, the State may justly claim the right to prescribe the qualifications of those who teach, and name the conditions under which the privilege of teaching may be exercised.

"* * * * * *

" A certificate to teach in the public schools is merely a license granted by the State, and is revocable by the State at its pleasure. Baldacchi v. Goodlett (Tex. Civ. App.) 145 S.W. 325; Stone v. Fritts, 169 Ind. 361, 82 N.E. 792, 15 L. R. A. (N.S.) 1149, 14 Ann. Cas. 295; 24 R.C.L. 613. It is not a contract protected by the due process provisions of either the State or the Federal Constitution * * * *" (Emphasis ours)

This department held in a letter opinion, dated September 22, 1937, to Honorable Mortimer Brown, Executive Secretary of the Teacher Retirement System, that once a

teacher becomes a member of the Retirement System, he cannot withdraw from membership in such System except to cease being a teacher, to die, to be retired with a disability benefit, or to be retired on account of age with such annuity or other benefit as is selected by such teacher. These conclusions were affirmed by our Opinion No. 0-1530.

An examination of the Retirement Act fails to disclose any provision authorizing, or even mentioning the re-entering of the teaching profession by a member retired for service. On the other hand, there are such provisions with respect to beneficiaries under 60 years of age who were retired on account of disability, and when they are so restored, their disability allowance is stopped. Subsection 5 of Section 5, Article 2922-1. The restoration to active service is limited to disability beneficiaries under 60 years of age. Subsection 4 of Section 5 provides that "Upon retirement for disability a member shall receive a service retirement allowance if he has attained the age of sixty (60) years; * * *." Otherwise he receives a disability retirement allowance. Where a person under 60 is retired on a disability allowance, such allowance is converted into a service allowance when he reaches 60 years of age. Certainly, the limiting of restoration to active service to disability beneficiaries under 60 years of age manifests the legislative intent that retired members over 60 years of age cannot be so restored. No member can be retired for service until he has attained the age of 60 years. It is clear, therefore, that a member retired for service may not resume active service.

As we have heretofore mentioned, membership in the Retirement System is a condition of a teacher's employment. If such a retired teacher were allowed to resume teaching, there would be the incongruous situation of one person's receiving both a salary as an active teacher and also retirement benefits as a retired teacher. This obviously was not the intent of either the people or the Legislature of Texas. The word retire is clear in meaning. It means to withdraw. A definition of the word appearing in Webster's New International Dictionary (Unabridged, 2nd Ed.) is: "To designate as no longer qualified for active service; to place on the retired list * * *."

It is our opinion that the fact that in the Retirement Act there are no provisions authorizing members retired for service to leave their retirement and re-enter the teaching profession, whereas there are such provisions with respect to disability beneficiaries, is as effective as a positive provision in the Act expressly forbidding the same. This, the Legislature has the power to do; this, in our opinion, it

has done. You are advised, therefore, that your first question is answered in the negative.

Our view is strengthened by the following provision of Subsection 4, Section 4 of Article 2922-1:

"When membership ceases, such prior service shall become void. Should the employee again become a member, such a person shall enter the System as a member not entitled to prior service credit except as provided in Section 5, subsection (5), paragraph (b) of this Act."

Section 5, Subsection (5), paragraph (b) deals with a person retired on account of <u>disability</u> who is restored to active service and provides that such a member may be credited with the prior service certificate he had at the time of his disability retirement. Under Subsection 4 of Section 4 any person who again becomes a member, except a person who was retired on account of disability, enters as a member not entitled to prior service. It follows, therefore, that if we should hold that a member retired because of <u>service</u> may again become a member, he would become a member not entitled to any prior service. He would forfeit all his prior service credit. Therefore, before any such member would again be entitled to service retirement benefits, he would have to teach until he had accumulated 20 years of creditable service. (Section 5, Subsection 1, Article 2922-1). But as we have said before, it is our opinion that a person retired for service may not be re-employed as a teacher under the Act.

Our view is further strengthened by the fact that no provision is made for the transfer of funds upon a return to active service by a member retired for service. Subsection 3 of SEction 8, relating to the Membership Annuity Reserve Fund, provides in part as follows:

"* * * * This Fund shall be made up of transfers as follows:

"(a)  At the time of service or disability retirement the accumulated contributions of a retiring teacher shall be transferred from the Teacher Saving Fund to the Membership Annuity Reserve Fund as reserves for the membership annuity purchased by his contributions.

"(b)  An amount equal to the accumulated contributions of each retiring teacher shall be transferred, upon service or disability retirement, from the State Membership Accumulation Fund as reserves

for an additional membership annuity equal to the membership annuity purchased by the teacher.

"Transfers and payments from the Membership Annuity Reserve Fund shall be made as provided in Section 5, Subsection (5) Paragraph (b) of this Act, upon the death, restoration to active service or removal from the disability list of a beneficiary retired on account of disability."

You will notice that provision is made for transfers and payments upon restoration of a beneficiary retired for disability to active service. There is no similar provision with respect to members retired for service.

We think it clear and manifest that the Legislature intended that a person retired for service shall not be re-employed as a teacher. Our answer to your first question renders unnecessary an answer to your second question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/George W. Sparks
George W. Sparks
Assistant

GWS/s/wc

APPROVED FEB 15, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman