## COMMONWEALTH *vs.* IRVING P. ROSWELL.

Suffolk.     January 24, 1899. — March 7, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Person assuming to act as Insurance Agent — Statute — Constitutional Law.*

Sections 87 and 98 of St. 1894, c. 522, which impose a penalty on a person assuming to act as an insurance agent without license therefor, as provided by law, apply to cases where insurance is effected on property which is not within the Commonwealth, and the sections are constitutional.

COMPLAINT, under St. 1894, c. 522, §§ 87, 98, charging that the defendant, on April 26, 1898, " did assume to act as an insurance agent without license therefor, as is provided by law, by then and there transmitting for a person other than himself, to wit, for the 'Cutter-Tower Company,' the same being a corporation legally established, a policy of insurance from a certain insurance company, to wit, the 'American Central Insurance Company of Saint Louis,' the same being a joint stock company legally established, to the said 'Cutter-Tower Company.'"

In the Superior Court, before the jury were impanelled, the defendant filed a motion to quash, which was overruled by *Stevens,* J.

The jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*S. H. Tyng,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

KNOWLTON, J. The only questions argued by the defendant on his bill of exceptions are, first, whether the St. of 1894, c. 522, §§ 87 and 98, applies to cases where insurance is effected on property which is not within the Commonwealth; and secondly, if it does, whether it is constitutional. We are of opinion that both of these questions must be answered in the affirmative.

This statute contains elaborate provisions, intended to protect the people of the Commonwealth from loss through dealings with irresponsible insurance companies. The sections in regard to insurance brokers and insurance agents of various kinds are numbers 83, 87 to 93, 97, 98, 99, and others. There is a special provision in § 88 in regard to the agents of domestic insurance companies. Section 93 relates to insurance brokers and requires that they be licensed by the insurance commissioner. Section 83 authorizes the licensing of persons to effect insurance in foreign insurance companies not authorized to do business in this Commonwealth, when they are unable to procure in companies admitted to do business here the amount of insurance necessary to protect the property. The right of the Legislature to regulate the transaction of business by foreign corporations in this Commonwealth, or to forbid it altogether, is beyond question. *Hooper* v. *California,* 155 U. S. 648, 652. *Paul* v. *Virginia,* 8

Wall. 168.   The exceptions to this rule are where the corpora-tion rests its right upon a Federal statute, or where it is a Federal agent, or is engaged in interstate commerce.   *Telegraph Co.* v. *Texas*, 105 U. S. 460.   *Gloucester Ferry Co.* v. *Pennsylvania*, 114 U. S. 196, 205, 211.   *Philadelphia & Southern Steamship Co.* v. *Pennsylvania*, 122 U. S. 326, 342.   *Crutcher* v. *Kentucky*, 141 U. S. 47.

The Legislature of Massachusetts has decided that a con-venient way of providing for the protection of the people in this respect is, among other things, to forbid the transaction of business by insurance brokers or insurance agents unless they are licensed.   There is nothing in the language of the statute which indicates that it is not as applicable to the negotiation in this Commonwealth of a contract for insurance upon property outside of the Commonwealth as if the property were within the Commonwealth.   The situation of the property does not affect the reasons for the rules regulating the business of insurance conducted here.   An unlicensed person who acts as an insurance agent in making a contract for insurance with one of our citizens upon property in any other State or on the ocean offends against the statute as much as if the property were in Massachusetts.

It is within the proper exercise of the police power of the Commonwealth to require that persons acting as insurance brokers or insurance agents shall be licensed, in order that the business may be in the hands of trustworthy persons.

It is not a violation of the Constitution of the United States to require such a license of persons who are to negotiate, within this State, contracts for insurance upon property outside of the State.   The case of *Hooper* v. *California*, 155 U. S. 648, fully covers the question now before us.   The principal facts of the case are almost identical with those of the case at bar.   Hooper, the plaintiff in error, was an agent at San Francisco of a firm of insurance brokers doing business in the State of New York. Through this firm he procured for one Mott, a resident of Cali-fornia, a policy of insurance on a vessel named the Alliance, from an insurance company in Boston which was not authorized under the law of California to do business there.   Hooper was prosecuted under a statute of California which made his act punishable.   It was held that the statute was constitutional.

The case of *Allgeyer* v. *Louisiana*, 165 U. S. 578, on which the defendant relies, was materially different in its facts, and the court in giving the opinion said that it was not intended to affect in the least the authority of *Hooper* v. *California.*

*Exceptions overruled.*