COMMONWEALTH *vs.* F. SHIRLEY BOYD.

Suffolk.    January 16, 1905. — May 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Constitutional Law.    Automobile.    Tax.*

St. 1903, c. 473, requiring the registration of automobiles, the payment of a regis-
tration fee of $2, and the marking of the registered number in Arabic numerals
not less than four inches long, is constitutional.

The $2 required by St. 1903, c. 473, to be paid for the registration of an automo-
bile is a license fee and not a tax.

LORING, J.    This case is before us on exceptions taken at the
trial in the Superior Court of a complaint originally made to
the Municipal Court.    At the trial in the Superior Court facts
were agreed to which showed that the defendant was guilty.
The complaint charges the defendant with having operated a
duly registered automobile "without having then and there
plainly displayed thereon, in Arabic numerals not less than four
inches long, the registered number and mark of said automobile."

The defendant made six requests for rulings which take up
two printed pages, but which were in effect that St. 1903, c. 473,
is unconstitutional.

There can be no question of the right of the Legislature in
the exercise of the police power to regulate the driving of auto-
mobiles and motor cycles on the public ways of the Common-
wealth.    They are capable of being driven and are apt to be
driven at such a high rate of speed, and when not properly
driven are so dangerous, as to make some regulation necessary
for the safety of other persons on the public ways.    In this con-
nection see *Commonwealth* v. *Stodder*, 2 Cush. 562, 570.

Nothing in the act has been called to our attention which is
not a proper exercise of this power.    This act being passed by
the General Court, it is not necessary to consider whether a
somewhat similar act can be passed by a city, as to which see a
decision in a county court of Illinois, *Chicago* v. *Banker*, 112
Ill. App. 94, the case that seems to have inspired the defendant's
argument here.

The registration fee of $2, required to be paid by § 1, is plainly a license fee and not a tax, as the fees were held to be which were imposed by the city ordinances in question in *Chicago* v. *Collins*, 175 Ill. 445 ; *St. Louis* v. *Grone*, 46 Mo. 574; and *Livingston* v. *Paducah*, 80 Ky. 656.

*Exceptions overruled.*

*A. R. Shrigley*, for the defendant.

*F. H. Chase*, Second Assistant District Attorney, for the Commonwealth.