Argued 24 October, decided 11 December, 1906.

**PORTLAND *v.* COOK.**

87 Pac. 772.

</div>

RIGHT TO DELEGATE POLICE POWER TO MUNICIPALITIES—CONSTITUTION.

1. The police power of a state, or a portion of it, may be delegated to a municipal corporation within the state, which then becomes an agent of such state with authority to use the power so delegated, but neither the state nor its agents can entirely relinquish this attribute of sovereignty.

CONSTITUTIONAL LAW—POLICE POWER—IMPAIRING OBLIGATION OF CONTRACTS BY REPEALING LICENSE.

2. A permission to conduct any business that may affect public health or morals, either through its inherent nature or the manner in which it

shall be carried on, must be necessarily subject to cancellation at any time under the police power, since it is merely a license and is not a contract.

HEALTH—REGULATION OF SLAUGHTERHOUSES UNDER POLICE POWER.

3. Though the conducting of a slaughterhouse is a legitimate business, and may have been properly authorized, it may, nevertheless, become so inappropriate or offensive through changes in the surroundings of the place where it is situated that it may be stopped at that location.

NUISANCE—SLAUGHTERHOUSE.

4. The occupation of a building in a city as a slaughterhouse is *prima facie* a nuisance to persons residing near it.

LIMIT OF POWER TO DECLARE NUISANCES.

5. Public authorities cannot arbitrarily declare that to be a nuisance which is not really so, although their action is very persuasive.

PERMIT TO CONDUCT SLAUGHTERHOUSE—CONTRACTS.

6. An ordinance granting permission to erect and maintain a slaughterhouse at a specified place within the city limits is not a contract by the municipality with the grantee, even if the latter expends considerable sums of money on the faith of the grant.

STATUTES—IMPLIED REPEAL.

7. The enactment of a law imposing a new penalty for an offense described by an existing statute, and not repealing the old law, will operate prospectively only, leaving the former in force as to acts committed prior to the time the new law goes into effect.

For instance: An ordinance or statute forbidding certain acts is not retroactively affected by a subsequent enactment permitting certain persons to perform such acts, and not in any way referring to the first law, for the latter is prospective only and even the beneficiaries of the second enactment may be prosecuted for violating the first law before the second was passed.

RELEVANCY OF EVIDENCE.

8. Under a prosecution for conducting a slaughterhouse in a locality where the business is forbidden, evidence as to the manner of conducting it is irrelevant.

EXAMPLE OF HARMLESS ERROR.

9. Where a trial for a misdemeanor is held without a jury, the defendants admitting the acts complained of, but claiming the right to commit them, the admission of irrelevant evidence is harmless.

From Multnomah: JOHN B. CLELAND, Judge.

Action by the City of Portland against several persons for violating a municipal ordinance. The defendants appeal from a judgment of conviction.　　　　AFFIRMED.

For appellants there was a brief over the names of *Williams, Wood & Linthicum* and *Snow & McCamant,* with oral arguments by *Mr. Stewart Brian Linthicum* and *Mr. Zera Snow.*

For the City there was a brief over the names of *L. A. McNary,* City Attorney, and *Milton W. Smith,* with an oral argument by *Mr. Smith.*

MR. JUSTICE MOORE delivered the opinion of the court.

This action was commenced April 7, 1905, in the municipal court of Portland by that city against J. H. Cook, James M. Neal, and T. W. Bigger for an alleged violation of an ordinance, prohibiting the killing within the city limits of animals, the flesh of which was intended to be sold, and also forbidding the maintenance within such territory of a slaughterhouse. The cause was tried and the defendants were convicted, June 30th of that year, and severally adjudged to pay a fine, from which sentence they appealed to the circuit court for Multnomah County, where they were again tried on a stipulation of facts, a jury having been waived, and, their motion to be acquitted having been overruled, they were again found guilty, and appeal to this court from the judgment which followed. The facts so stipulated are to the effect that, pursuant to a clause of the municipal charter then in force, which authorized the council "to license, tax, control and regulate slaughterhouses, * * and to provide for their exclusion from the city or any part thereof" (Laws 1891, p. 806), Ordinance No. 9641 was passed, February 12, 1896, granting to "L. Zimmerman and his assigns" the right to establish and maintain on his land in the City of Portland, particularly describing the premises, a packing house for curing all kinds of meat, and to erect other buildings in which to slaughter animals. Thereafter Zimmerman, who then was, ever since has been, and now is, the owner in fee of the real property so described, erected thereon the specified buildings, expending in such improvements more than $40,000; but subsequent thereto an ordinance was passed repealing Ordinance No. 9641. Notwithstanding such abrogation, Zimmerman thereafter continued to operate the business until November 1, 1901, when he leased the real property mentioned for a term of five years to the Northwestern Meat Company, a corporation which, with his consent, sublet the premises for the remainder of the term to the Pacific States Packing Company, a like artificial being. The defendants, Cook, Neal and Bigger, are the president, manager and secretary, respectively, of

the corporation last mentioned, and, as the agents thereof, were, on April 7, 1905, when this action was begun, engaged in killing, within the city limits and on the land so leased, animals the flesh of which was intended to be sold, and were also maintaining on such premises a slaughterhouse. At that time Ordinance No. 13,885, adopted April 6, 1904, was in force and provided that it should be unlawful for any person, within the city limits, to kill any animal the flesh of which was intended to be offered for sale, or to maintain or use, within such territory, any building as a slaughterhouse, and prescribing as a penalty for a violation thereof a fine of not less than $5 nor more than $300, or imprisonment not less than five days nor more than 90 days. After this action was commenced, but before it was tried in the municipal court, Ordinance No. 14,639 was passed, regulating the slaughter of animals and the inspection of meats, from which we take the following excerpts, deeming them the only parts thereof involved herein:

Section 3. "That from and after the passage of this act it shall be unlawful for any person, firm or corporation to slaughter, sell or offer for sale the meat of any animal not considered 'game,' intended for human food, within the City of Portland, unless the same has been inspected and approved by the officers appointed and empowered by the city board of health * *

Section 6. "That the Pacific States Packing Company be known as 'the Portland Abattoir' where animals may be taken for slaughter and be inspected, and that not more than the following prices may be charged and collected by the person or corporation who now are or who may hereafter be operating the Portland Abattoir, or such other place or places as may be fixed by the board of health for slaughtering animals intended for human food within the City of Portland. * *

Section 15. "That the firm, person or corporation violating any of the provisions of this ordinance shall, upon conviction, be fined not less than ten ($10.00) dollars, nor more than twenty-five ($25.00) dollars for each offense. * *

Section 16. "That this ordinance shall take effect from and after its passage, the welfare of the city requiring it."

It is contended by defendants' counsel that, conformable to the provisions of the municipal charter quoted, Ordinance No.

9641 was passed, granting to Zimmerman the rights herein-
before stated, acting on the faith of which he expended a vast
sum of money in making permanent improvements upon the
real property specified, whereby such right became a subsist-
ing contract between him and the city which could not be
impaired by subsequent legislation; that, the grant having also
been extended to his assigns, the defendants, as agent of the
corporation which ·secured a lease of the premises with his
consent, had the same authority that he possessed to conduct
the business thereat, subject only to municipal regulation that
the slaughterhouse should not become a public nuisance or
detrimental to the health of persons residing in the vicinity,
and hence the circuit court erred in refusing to give a judg-
ment of acquittal.

1. The preservation of the public health and public morals
is a duty devolving on the state, the discharge of which is
denominated an exercise of the police power. This preroga-
tive, though incapable of exact definition or limitation, may be
delegated by the state to its agent, a municipal corporation,
which is authorized to employ the measure of authority con-
ferred. As the perpetuity of a stable government necessarily
depends upon the security of the public health and the main-
tenance of public morals, neither the state nor its agent can
bargain away this branch of sovereignty.

2. As a corollary deducible from this principle, it results
that any permission by statute or ordinance whereby such au-
thority is temporarily surrendered is only a license, a cancel-
lation of which is not violative of a state or of the federal con-
stitution prohibiting the passage of laws impairing the obliga-
tion of contracts. Thus a grant of the right to maintain a lot-
tery, for which money has been given, will not prevent a repeal
of the authority to conduct such business: *Boyd* v. *Alabama,*
94 U. S. 645 (24 L. Ed. 302) ; *Stone* v. *Mississippi,* 101 U. S.
814 (25 L. Ed. 1079) ; *Douglas* v. *Kentucky,* 168 U. S. 488
(18 Sup. Ct. 199, 42 L. Ed. 553). A license to manufacture
or sell intoxicating liquor does not create a contract, and for
that reason the privilege may be annulled before the expira-

tion of the term for which it was given: *Beer Co.* v. *Massachusetts,* 97 U. S. 25 (24 L. Ed. 989) ; *State ex. rel.* v. *Bonnell,* 119 Ind. 494 (21 N. E. 1101) ; *Fell* v. *State,* 42 Md., 71 (20 Am. Rep. 83) ; *State* v. *Cooke,* 24 Minn. 247 (31 Am. Rep. 344) ; *Wallace* v. *Mayor,* 27 Nev. 71 (73 Pac. 528, 63 L. R. A. 337, 103 Am. St. Rep. 747).

3. Though the slaughtering of animals, the flesh of which is designed for human food, does not tend to corrupt the public morals and is a legitimate business, which may be classed by some as a necessity, the place where it is conducted may, by reason of its proximity to the residence portion of a city or village, demand its removal, notwithstanding it may have been established pursuant to a statute or an ordinance authorizing it: *Butchers' Union Co.* v. *Crescent City Co.,* 111 U. S. 746 (4 Sup. Ct. 652, 28 L. Ed. 585) ; *Villavaso* v. *Bartlet,* 39 La. Ann. 254 (1 South. 599). As illustrative of this principle see, also, *Fertilizing Co.* v. *Hyde Park,* 97 U. S. 659 (24 L. Ed. 1036). All property is acquired and held subject to the rule that it shall be so used as not to injure another, and, though at the time of establishing a lawful enterprise in a place where the probability of injury to others arising therefrom is remote, if the undertaking should become offensive by reason of many persons moving into the vicinity or passing it daily, whereby the public health is menaced, the business must yield to the paramount right of an exercise of the police power for the suppression of nuisances: *Coates* v. *Mayor of New York,* 7 Cow. 584; *Brady* v. *Weeks,* 3 Barb. 157.

4. The occupation of a building in a city as a slaughterhouse is *prima facie* a nuisance to persons residing near it: Wood, Nuisance (3 ed.), § 571; Catlin v. Valentine, 9 Paige 575 (38 Am. Dec. 567).

5. Though under a general grant of power over the subject a common council has no authority to adopt an ordinance declaring a thing a nuisance which in fact is not one, yet in doubtful cases, depending upon a variety of circumstances requiring an exercise of judgment and discretion, their action is conclusive, and, pursuant to such grant, they are empowered to

adopt an ordinance declaring a slaughterhouse within the corporate limits a nuisance: *Harmison* v. *City of Lewiston,* 115 Ill. 313 (38 N. E. 628, 46 Am. St. Rep. 893).

6. Ordinance No. 9641, pursuant to and upon the faith of which Zimmerman made valuable improvements upon his real property, did not, in our opinion, create a contract between him and the municipality, and the common council were authorized, when the public health so demanded, to repeal the law and to cancel the license granted to him, as was done December 2, 1897, by the passage of Ordinance No. 10,560; for, the authority to provide for the exclusion of slaughterhouses from the city or any part thereof having been expressly granted (Laws 1891, p. 806), of which Zimmerman is presumed to have had knowledge, the exercise of the power thus conferred must be as efficacious as though the council had been granted authority to declare what constituted a nuisance and to provide for the abatement thereof.

7. It will be remembered that, after the repeal of the ordinance granting to Zimmerman the right to maintain a packing house, etc., the council, on April 6, 1904, passed Ordinance No. 13,885, making it unlawful for any person to slaughter within the city limits any animal the flesh of which was intended to be offered for sale. At that time the city charter had been amended in some particulars, but the clause hereinbefore quoted had not been materially changed, and now confers upon the council the following authority:

"To regulate, restrain, and to provide for the exclusion from the city, or any part thereof, of * * slaughterhouses." Sp. Laws 1903, pp. 3, 30.

Based on this grant of power, the remaining question is whether or not the passage of Ordinance No. 14,639, without referring to Ordinance No. 13,885, was a repeal thereof by implication so far as it relates to the Pacific States Packing Company, and, as the abrogating ordinance does not contain a saving clause respecting violations of the prior law or of penalties incurred thereunder, but was passed before the judgment was rendered, was an error committed in refusing to acquit the defendants?

. The repeal of a law imposing a penalty will prevent any trial or judgment for an offense committed against it while it was in force, unless the annulling act expressly stipulates to the contrary or the penalty may be inflicted under some existing general law: Endlich, Int. Stat. § 478; Sutherland, Stat. Const. § 166. "Where, however," says the latter author (section 143), "the new statute contains no reference for repeal or otherwise to existing statutes, and defines an offense made punishable by a prior law, and imposes a new punishment, it will not repeal such prior law as to existing cases; for, as the new law will only operate prospectively, there is, as to offenses already committed, no conflict. The prior law will operate as to all offenses against it committed up to the time that the new law goes into effect, and the trial may be had and judgment pronounced afterwards." Without quoting from, or commenting upon, some of the provisions of Ordinance No. 14,639, we shall, without deciding the question, assume that the enactment licensed the Pacific States Packing Company to operate a slaughter-house on the premises which were leased from Zimmerman, but, as the ordinance relates to the killing of animals within the city "from and after the passage of this act," which by its terms went into immediate effect, and prescribes penalties for a violation thereof different from Ordinance No. 13,885, it did not repeal the latter act in respect to violations thereof committed prior to the passage or Ordinance No. 14,639. *Commonwealth* v. *Wyatt*, 6 Rand. (Va.) 694; *Commonwealth* v. *Pegram*, 1 Leigh (Va.) 569; *Allen* v. *Commonwealth*, 2 Leigh (Va.) 727; *Pitman* v. *Commonwealth*, 2 Rob. (Va.) 800; *Miles* v. *State*, 40 Ala. 39; *Mongeon* v. *People*, 55 N. Y. 613.

8. At the trial in the circuit court testimony was received, over objection and exception, to the effect that the operation of the slaughterhouse by the Pacific States Packing Company tended to create a nuisance. The defendants were charged with unlawfully killing within the city limits, animals, the flesh of which was intended to be sold, and also maintaining within such territory, a slaughterhouse. The testimony so objected to was therefore irrelevant.

9. As the cause was tried without the intervention of a jury. and the defendants admitted the charge but claimed immunity therefrom, the error complained of is not material, and hence the judgment is affirmed.                                    AFFIRMED.