[Crim. No. 1428. First Appellate District, Division One.—December 15, 1927.]

In the Matter of the Application of WALTER N. CARLSON for a Writ of Habeas Corpus.

Knight, Boland & Christin for Petitioner.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

CASHIN, J.—Petitioner was charged in the police court of the city and county of San Francisco with a violation of section 633aa of the Political Code (Stats. 1927, p. 1931).

The complaint alleges that he acted as the agent for a life insurance company, to wit, Metropolitan Life Insurance Company, without first obtaining a license to do so from the insurance commissioner of the state of California. A warrant for his arrest issued upon which he was taken into custody, and he seeks to be released on *habeas corpus.*

The above section was adopted at the legislative session of 1927 and took effect on August 2, 1927. It provides that "No person shall within this state act as a life, health or accident agent for any life insurance company until such person shall have first obtained a license under the provisions of this section from the commissioner authorizing him so to act." The section further provides that the applicant for a license shall file with the commissioner a statement from the life insurance company which he seeks to represent, setting forth certain facts, and, further, that the applicant shall answer under oath such interrogatories as may be propounded by the commissioner, and that no license shall issue until the latter has satisfied himself as to the qualifications of the applicant. The section also provides that "Nothing herein contained shall be construed as giving such agent authority to act under the provisions of either sections 633 or 633a of the Political Code without obtaining a license thereunder, nor shall any licensee under said sections 633 and 633a of the Political Code have authority to act as a life insurance agent under the provisions of this section without obtaining a license hereunder."

Section 633 of the Political Code, which in its present form has been in effect for several years, provides that "No person shall within this state act as agent for any insurance or surety company or other insurer until such person shall have first obtained a license from the insurance commissioner authorizing him so to act," its other provisions being the same as those of section 633aa. Under each of the sections the insurance commissioner is required to collect from the applicant a fee of one dollar for issuing the license, and each provides that the license shall expire on the first day of July following its issuance.

It is admitted that since the year 1924 there has been issued to petitioner annually the license provided by section 633, the last—which was dated July 1, 1927, being for the year ending on July 1, 1928. Petitioner contends that sec-

tion 633aa renders void and ineffective the license issued under section 633, and thus deprives him of a property right without due process of law; that by requiring life insurance agents to procure an additional license the section is discriminatory and deprives such agents of the equal protection of the law; and, further, that the license he now holds is essentially a contract the obligation of which the section impairs.

While the right to engage in a lawful and useful occupation cannot be taken away under the guise of regulation, such occupation may be subjected to regulation in the public interest even though the exercise of the power to regulate involves in some degree a limitation upon the exercise of the right regulated (*Riley* v. *Chambers,* 181 Cal. 589 [8 A. L. R. 418, 185 Pac. 855]), and the manner and extent of the regulation are matters primarily for legislative determination (*County of Plumas* v. *Wheeler,* 149 Cal. 758 [87 Pac. 909]), with which the courts cannot interfere unless it clearly appears that a statute, enacted ostensibly for the purpose of regulation, imposes an arbitrary and unreasonable burden upon the pursuit of the occupation (*Ex parte Whitwell,* 98 Cal. 73 [35 Am. St. Rep. 152, 19 L. R. A. 727, 32 Pac. 870] ; *People* v. *Ratledge,* 172 Cal. 401 [156 Pac. 455] ; *In re Bruce,* 54 Cal. App. 280 [201 Pac. 789]).

In the exercise of its police power the state may adopt statutes for the regulation of insurance agents, and may require that any agent doing business in the state shall have a certificate or license under state authority for the transaction of such business (*Commonwealth* v. *Roswell,* 173 Mass. 119 [53 N. E. 132] ; *Stern* v. *Metropolitan Life Ins. Co.,* 90 Misc. Rep. 129 [154 N. Y. Supp. 283] ; *State* v. *Bond,* 96 W. Va. 193 [122 S. E. 539, 540] ; *Noble* v. *English,* 183 Iowa, 893 [167 N. W. 629] ; *La Tourette* v. *McMaster,* 284 U. S. 465 [63 L. Ed. 362, 39 Sup. Ct. Rep. 160]).

Although under section 633 all insurance agents, irrespective of the kind of insurance business transacted, were placed in the same class, under the rule that the classification of occupations and forms of business may be made whenever the difference or distinction on which it is founded is not wholly without reason, it is an established rule that

those who follow a commonly designated business or vocation may, where a basis for a reasonable distinction exists, be classified or subdivided into new and separate classes (17 R. C. L., Licenses, sec. 38, p. 518). Accordingly, it has been held that an act is not illegally discriminatory because it places automobile dealers (*In the Matter of Schuler,* 167 Cal. 282 [Ann. Cas. 1915C, 706, 139 Pac. 685]) or professional chauffeurs (*In the Matter of Stork,* 167 Cal. 294 [139 Pac. 684]) in a class by themselves, or that it distinguishes between collectors of rents and other collectors, or between real estate brokers and salesmen (*Riley* v. *Chambers, supra*).

█ The fees provided for by sections 633 and 633aa are in no proper sense a tax on the business conducted by insurance agents, but are imposed by virtue of the police power upon persons engaged therein to defray the necessary cost of regulation (*Schmidt* v. *Indianapolis,* 168 Ind. 631 [120 Am. St. Rep. 385, 14 L. R. A. (N. S.) 787, 80 N. E. 630]; *Phoebus* v. *Manhattan Club,* 105 Va. 144 [52 S. E. 839, 840]; *Commonwealth* v. *Boyd,* 188 Mass. 79 [108 Am. St. Rep. 464, 74 N. E. 255]; *State* v. *Hovorka,* 100 Minn. 249 [10 Ann. Cas. 398, 8 L. R. A. (N. S.) 1272, 110 N. W. 870]). █ Moreover, such licenses are not contracts (*Stone* v. *Fritts,* 169 Ind. 361 [14 Ann. Cas. 295, 15 L. R. A. (N. S.) 1147, 82 N. E. 792]; *Lowell* v. *Archambault,* 189 Mass. 70 [75 N. E. 65]), and create no vested rights (*State* v. *Hovorka, supra; People* v. *New York Health Department,* 189 N. Y. 187 [13 L. R. A. (N. S.) 894, 82 N. E. 187]; 17 R. C. L., License, sec. 5, p. 476); and licenses issued in the exercise of the police power being for the protection of the public and not for the benefit of the licensee (*State* v. *Reeves,* 112 S. C. 383 [99 S. E. 841]), the regulations prescribed may subsequently be modified by the legislature, or new conditions imposed, whenever the public interest requires (*State* v. *Hovorka, supra; Stone* v. *Fritts, supra*), regardless of whether the time for which the license was issued has expired (*Portland* v. *Cook,* 48 Or. 550 [9 L. R. A. (N. S.) 733, 87 Pac. 772]).

█ It is evident from the fact that section 633aa places the agents of life insurance companies in a separate class, and from the provision therein that such agents should not be authorized to act by procuring the license provided

by sections 633 and 633a, that the legislature intended to revise the latter sections, in so far as they applied to the class created by the new section; and, as held in the following cases, where such intention appears the former statute is repealed to the extent that its provisions are revised or superseded by the later act (*Pierpont* v. *Crouch,* 10 Cal. 315; *State* v. *Conkling,* 19 Cal. 501; *In the Matter of Yick Wo,* 68 Cal. 294 [58 Am. Rep. 12, 9 Pac. 139]). ■

Where a license is required for the purpose of regulation the licensee is bound to know that the license so held is subject to a modification or repeal of the law under which it was issued, from the making of which change, if the public interest requires it, no incidental inconvenience suffered by the licensee can stay the power of the state (*Mc-Millan* v. *Knoxville,* 139 Tenn. 319 [202 S. W. 65]). ■

Although the earlier statute included all insurance agents in the same class, it was competent for the legislature, if necessary for the purpose of regulation, to place those engaged in the business of life insurance in a separate class. As indicated by the act, such reclassification was found to be necessary; and we cannot say but that differences in the manner of conducting the business of those engaged in the several branches of insurance furnished a reasonable basis therefor. Moreover, in view of its requirements, which impose no unreasonable burden upon agents for life insurance companies, the act was not discriminatory. ■

As stated above, it is primarily for the legislative body, clothed with the power, to determine when regulation is essential (*County of Plumas* v. *Wheeler, supra*), and its determination in this regard, in view of its better knowledge of all the circumstances and the presumption that it is acting with due regard for the rights of all the parties, will not be disturbed by the courts unless it can plainly be seen that the regulation has no relation to the ends for which the police power exists (*Ex parte Hadacheck,* 165 Cal. 416 [L. R. A. 1916B, 1248, 132 Pac. 584]).

We find no merit in the grounds urged for declaring the section to be invalid, and the writ is therefore discharged and the petitioner remanded.

Tyler, P. J., and Knight, J., concurred.