[Civ. No. 5194. Fourth Dist. Apr. 6, 1956.]

MANN'S JEWELERS (a Corporation), Appellant, v. THE CITY OF SAN DIEGO, Respondent.

Bertram H. Ross for Appellant.

J. F. DuPaul, City Attorney, Alan M. Firestone, and John S. Rhoades, Deputy City Attorneys, for Respondent.

BARNARD, P. J.—This is an appeal from a judgment in declaratory relief upholding the validity of Ordinance Number 6665 of the city of San Diego. This ordinance amends the auction sale ordinance, which is a part of the Municipal Code, by changing the definition of an "auction sale" in several respects. So far as material here this amendment provides: "The term auction sale or sale by public auction . . . shall mean a sale of property by public outcry addressed collectively to a group of three or more persons assembled for the purpose of conducting sales of property." Another section of the amending ordinance made a similar change in defining the word "auctioneer."

The complaint alleged that the plaintiff operates a jewelry store on Broadway in San Diego; that it has conducted and intends to conduct sales in the manner described; that the above quoted provision of the ordinance is unconstitutional in that it deprives the plaintiff of its property without due process of law, and illegally attempts to regulate the manner in which plaintiff conducts its business; and that it deprives the plaintiff of a method of operating its business by decreeing that the type of sale used by the plaintiff is an auction sale, which it is not. It is further alleged: "that the method of operation by this plaintiff is through a device commonly known and designated as an 'Action Sale'; that the nature of such sale is that merchandise is displayed by a salesman who fixes a price on the merchandise and requests anyone present in the store to buy the merchandise at said price; that

said sale does not constitute an auction sale in that no bids are called upon from the customers and that title remains in plaintiff to the merchandise until an offer is made to purchase the merchandise at the price fixed by plaintiff's agents''; and that an actual controversy exists between the parties as to plaintiff's rights and duties under the ordinance. The prayer was for a declaration of plaintiff's rights under the ordinance; that it be decreed ''that said ordinances do not affect the operation of an action sale as conducted by plaintiff''; that the challenged portion of the ordinance be declared unconstitutional; and that the defendant be enjoined and restrained from attempting to enforce the challenged portions of the ordinances.

At the trial the cause was submitted on a stipulated statement of facts, including the following:

''6. That plaintiff's method of operation is as follows: That a podium is built behind the counters of the store whereby a salesman is elevated above the counters and addresses the people who come into the store with the aid of a sound amplifier. That the salesman displays the item to be sold, describes the item and indicates the price for which he will sell said item. That no other items are added to any particular item nor is the price at which an item is offered for sale changed on any business day. There is no grouping of items and unless the specific item that is offered for sale is sold at the price indicated by the salesmen, the item is laid aside and another item is displayed and the same procedure is followed. That in all instances three or more persons are assembled for the purpose of attending the sale.''

In its findings the court set forth the provisions of the ordinance in question and the statement of facts as stipulated to by the parties, and as conclusions of law found that the regulation and licensing under these provisions of the ordinance are a valid exercise of the police power insofar as they regulate the sale of personal property which is sold by the method outlined in the stipulated facts, and that these provisions of the ordinance regulating such sales are constitutional and valid. A judgment was entered adjuding and declaring that these provisions of the ordinance, insofar as they pertain to plaintiff's business as described, are a reasonable exercise of the city's power; that they reasonably restrict the use of said property and are reasonably related to the public health, safety, morals and public welfare, and are therefore valid; that the sale as conducted by the plaintiff is a sale by public outcry and

within the regulation of these provisions of the municipal code; and that no injunction be issued restraining the city from enforcing these provisions of the municipal code against the plaintiff. The plaintiff has appealed from this judgment.

The appellant states in its brief that "We have no argument with the right of the respondent to control either conventional auctions or action sales." It is further stated, contrary to the allegations of the complaint, that "Action sales are not involved here." It is then contended that the ordinance in question goes much further than an application to auction sales or action sales, and by its terms would apply to department stores where demonstrators are employed to demonstrate and sell merchandise, or to a restaurant where a waitress might ask how many customers desire apple pie. It is then argued that the questioned provisions of the ordinance are unconstitutional and invalid since they impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities, and that the police power cannot be so used as arbitrarily to limit the rights of one class of people while allowing the same rights and privileges to a different class, where the public welfare does not demand or justify such a classification. It is further argued that the ordinance provisions in question purport to treat the type of operation conducted by the appellant as an auction sale, which it is not; and that the burden thus placed upon the appellant had no relation to the exercise of police power and was an arbitrary and capricious exercise of municipal authority, as was held in *McKay Jewelers, Inc.* v. *Bowron,* 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188].

Regulations and restrictions upon the right to conduct auction sales of personal property, under various forms and circumstances, have been frequently upheld in other jurisdictions, and in some cases in this state where matters of classification, public welfare, the prevention of deception as to the character or quality of goods offered for sale, and other elements, have been considered. (*Hart* v. *City of Beverly Hills,* 11 Cal.2d 343 [79 P.2d 1080]; *In re Bruce,* 54 Cal.App. 280 [201 P. 789]; *In re West,* 75 Cal.App. 591 [243 P. 55].) Some of the basic principles were discussed and the general rules approved in *McKay Jewelers, Inc.* v. *Bowron,* 19 Cal.2d 595 [122 P.2d 543, 139 A.L.R. 1188], although it was there held that the restriction upon solicitation which had there been imposed was not a reasonable one. The evils which may flow from the holding of such auctions, and the opportunity

afforded through them to impose upon and defraud the public, with particular application to the sale of jewelry, was pointed out in the case of *In re West, supra.* The circumstances and conditions which surround such auction sales, and the evils and abuses which led to the necessity for the taking of regulatory and preventive measures in connection therewith, are well known. It seems clear that the activity here in question contains practically all of the incidents of an auction sale except the factor of competitive bidding, and that it involves practically all, if not all, of the evils, abuses and potential interference with the peace and general welfare of the public which is found in connection with auction sales and which justifies their regulation. The merchandising technique here is similar and involves the assemblage of persons in a crowd, the resultant limited opportunity for an examination of the goods offered for sale, the restricted opportunity to reflect on the representations made as to the quality and worth of the article, the absence of individual negotiation, and the opportunity for practicing frauds and deceits on the buying public. The use of sound amplifiers will naturally have a tendency to attract crowds, increase the probability of the presence of pickpockets, and otherwise create various forms of police problems which are not to be expected, at least in the same proportion, where merchandising is carried on in the ordinary manner. It makes little difference whether appellant's admitted method of conducting business is that commonly known as an "action sale," as stated in its sworn complaint, or is something different as now contended. The name of the method employed by the appellant in conducting business is immaterial in deciding whether the business may be regulated. (*People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1].) The evidence as to the method used clearly and sufficiently brings it within the meaning and intent of the ordinance provision here in question.

Whether or not the questioned provisions would be held valid as applicable to a department store demonstrator or a waitress in a restaurant is neither material nor controlling here. (*Max Factor & Co.* v. *Kunsman,* 5 Cal.2d 446 [55 P.2d 177].) The judgment holding these provisions valid in respect to the situation here involved rests on evidence disclosing a classification which is a reasonable one. There is a real and substantial relation between these provisions of the ordinance and its object and purpose with a view of protecting the public health, safety, convenience and general welfare.

These provisions merely regulate but do not unreasonably restrict or inhibit the appellant's right to use and dispose of its property. We are in accord with the trial court's conclusion that the questioned provisions are a valid exercise of its police power by the city of San Diego, insofar as they regulate the sale of personal property under the circumstances and by the method outlined in the stipulated facts.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1956.