[Crim. No. 1072.   Fourth Dist.   Apr. 6, 1956.]

In re WENDELL PHILLIPS, on Habeas Corpus.

Bertram H. Ross for Petitioner.

J. F. DuPaul, City Attorney (San Diego), Alan M. Firestone and John S. Rhoades, Deputy City Attorneys, for Respondent.

BARNARD, P. J.—This proceeding involves the effect of the same ordinance which was involved in the case of *Mann's Jewelers* v. *City of San Diego, ante,* p. 578 [295 P.2d 468], this day decided. The petition for a writ of habeas corpus alleges that the petitioner was arrested on January 26, 1956;

that he is an employee of Mann's Jewelers, Inc.; that at the time of his arrest he was, as such employee, engaged in the sale of a watch by public outcry as therein described; that he is charged with a violation of the provisions of Ordinance Number 6665 of the city of San Diego in that he sold a certain watch by public outcry, addressed collectively to a group of three or more persons assembled for the purpose of purchasing merchandise from him; that the method of operation in conducting such sales is as described in the opinion in the other case; and that said Ordinance Number 6665 is an unwarranted interference with the method by which his employer can operate its business and said ordinance, insofar as it applies to petitioner, is illegal and unconstitutional.

The petition for this writ was filed in this court at San Bernardino at 11 a.m. on January 26, 1956. The petition was verified by petitioner's attorney before a notary public in Los Angeles on January 26, 1956. From the return to the writ it appears that petitioner was arrested at 10:35 a.m. on that day, after a San Diego police officer received an anonymous call that an "action sale" was in progress and had watched petitioner sell a Hamilton watch worth $45 for $5.00 by public outcry to a group of three or more persons assembled for the purpose of purchasing merchandise.

Under our decision in the other case, holding that the ordinance in question is valid, the petitioner is not entitled to the relief here sought. Moreover, it is obvious that the arrest and confinement of petitioner was voluntarily consented to by him, apparently for the purpose of securing an earlier determination with respect to the constitutionality of the questioned provisions of the ordinance. It is obvious that the petition and the points and authorities could not have been prepared, typed and notarized in Los Angeles and thereafter filed in San Bernardino within the space of 25 minutes. It clearly appears that the petition was filed within the space of a few minutes after the arrest took place as the result of a prearranged plan. Under such circumstances, the temporary confinement before the petitioner was released on bail was not involuntary and the writ should not issue. (*In re Gow,* 139 Cal. 242 [73 P. 145]; *Matter of Ford,* 160 Cal. 334 [116 P. 757, Ann.Cas. 1912D 1267, 35 L.R.A.N.S. 882].)

The writ is discharged and the petitioner remanded to the custody of the chief of police of San Diego.

Griffin, J., and Mussell, J., concurred.