Argued January 20, affirmed February 23, reconsideration denied March 31, petition for review denied May 25, 1976

STATE OF OREGON, *Respondent,*
*v.*
EDWARD PAUL GILLIGAN, *Appellant.*
(No. C 73-08-2444 Cr, CA 5123)

546 P2d 783

*Phillip M. Margolin,* Portland, argued the cause and filed the brief for appellant.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

**FORT, J.**

Defendant, pursuant to a plea of guilty, was convicted by the court of Sexual Abuse in the First Degree, a Class C felony, ORS 163.425, on November 16, 1973. He appeals from the resulting judgment. A chronological statement of the facts is necessary to an understanding of the issues.

On November 28, 1973, an order was entered suspending the imposition of sentence and placing the defendant on probation for five years "on the condition that he remain in custody pending the results of the civil hearing concerning a sexually dangerous offender's commitment. This court specifically reserves the right to set forth conditions of probation consistent with treatment of the Sexually Dangerous Offender Program."

On January 31, 1974, following recommendations made by counsel for both the state and the defendant and after examination of the defendant at the Oregon State Hospital, the court entered its Order Continuing Probation Subject to a Further Condition, as follows:

> "* * * * *
>
> "IT IS ORDERED that the probation granted herein be and the same is hereby continued, subject to the condition that he participate in all treatment programs of the sexually dangerous offenders programs of the Oregon State Hospital.
>
> "* * * * *."

In addition to the foregoing criminal court proceedings, civil proceedings were simultaneously carried on in the circuit court pursuant to the Sexually Dangerous Offender Act (ORS 426.510 to 426.680), which resulted in the entry of a civil commitment order[1]

---

[1] Order of Commitment:

" * * * * *

"On January 24, 1974, this matter came before the court for further proceedings herein under the Sexually Dangerous Offender Act, the State of Oregon appearing by Michael D. Schrunk, Deputy District Attorney, and the defendant appearing in person, in custody of the sheriff, and with his attorney, Donald Tarlow, and

(ORS 426.620) also on January 31, 1974, by the same judge, committing Edward Paul Gilligan, defendant herein, to the Oregon State Hospital "for medical or mental therapeutic treatment as has been determined by the staff of that hospital."

Pursuant to that order, Mr. Gilligan was taken to and remained confined within the institution as a participant in the program carried on there for sexually dangerous persons until July 7, 1975. At that time he was returned to the court as not amenable to treatment within and unwilling to remain as a participant in its treatment program for sexually dangerous persons. On July 16, 1975, a hearing was held to consider revocation of the defendant's probation. Testimony was adduced from both the unit's supervising and the defendant's principal treating psychiatrists in the sexually dangerous persons program. At its conclusion the court said:

"I find that Mr. Gilligan has violated the conditions of my probation in 73-08-2444, insofar as he has not

---

"It appearing that the defendant has been apprised of the reports and findings of the psychiatrists of the Oregon State Hospital during the defendant's earlier confinement, and has stipulated thereto, and

"Based upon these reports the defendant personally and through his attorney, Donald Tarlow, represents that he hereby gives notice to the court that he desires to waive his right to a jury trial on all matters herein. Now, therefore,

"Based on the findings of this court and the reports of examining Oregon State Hospital psychiatrists,

"IT IS ORDERED that the defendant, Edward Paul Gilligan, be and he hereby is determined to be a *sexually dangerous person to children under the age of 12 years;* and

"IT IS FURTHER ORDERED that the defendant, Edward Paul Gilligan, be and he hereby is committed to the Oregon State Hospital at Salem, Oregon, for medical or mental therapeutic treatment as has been determined by the staff of that hospital.

"IT IS FURTHER ORDERED that the Sheriff for Multnomah County, Oregon, shall forthwith transport the defendant to the Oregon State Hospital at Salem, Oregon.

"Dated this 31 day of January, 1974.

[signed] Clifford B. Olsen
CLIFFORD B. OLSEN, Judge"

cooperated in any alternative program such as might be offered by the Sex Offender Program, and I find that he presently is a dangerous person and that he should not be permitted to roam the streets.

"I am going to sentence him to the Corrections Division for a period of three years."

Judgment was entered accordingly. At the same time, the record shows the following:

"MR. HOUZE [defendant's counsel]: * * * I believe that Mr. Gilligan is to then be credited for the time he has spent in the Oregon State Hospital toward that three-year sentence; is that correct?

"THE COURT: Well, I would think not. You can urge that on them down there. As far as I am concerned, this man has been on probation and he has served no time in a penal institution except for the few days on either side subsequent to his original arrest and incarceration pending this sentence.

"MR. HOUZE: Does the Court make a specific finding Mr. Gilligan is no longer a dangerous person—a sexually dangerous person?

"THE COURT: In the civil case—I don't have that number before me—but predicated on the reports from the Oregon State Hospital and testimony of Drs. Treleaven and Simpson that this man presently is not a sexually dangerous person within the definition of Chapter 426, and that that proceeding should be terminated."

The defendant appeals from the order revoking probation and from the resulting judgment.

■ In *State v. Mathewson,* 4 Or App 104, 477 P2d 222 (1970), we held that on appeal from a plea of guilty, a defendant may raise on direct appeal whether he received proper credit for time spent in jail prior to judgment. Accordingly, we conclude we can consider the issue raised here.

Essentially the defendant contends he should receive credit against the three-year sentence for the nearly 18 months he spent at the Oregon State Hospital under the Sexually Dangerous Offender Act commitment of January 31, 1974. He urges that to deny it

[ 487 ]

is a violation of the double jeopardy provision of the Fifth Amendment.

■ This argument fails to distinguish between civil commitment for the condition of being a sexually dangerous person and that of a person who has been convicted of violation of ORS 163.425. A man may interpose the claim that he is unable because of mental condition to assist in his own defense of a criminal charge. If established, the court may commit him to a mental institution. If later he is found to be able to assist in his defense and thereafter pleads guilty to the crime or is convicted, he receives no credit for the time he was hospitalized when judgment is ultimately imposed. No double jeopardy is there involved.

■ It is true, of course, that the legislature may make such provision, if any, for credit as it sees fit (ORS 137.550(2)) upon revocation of probation for time spent in jail when placed on probation under ORS 137.540(9).

Here the 1975 legislature did adopt a statute, Oregon Laws 1975, ch 380, which by § 8(4) thereof amended ORS 426.640 to provide:

"Upon a finding by the court that the patient is no longer a sexually dangerous person, the court shall order the patient discharged. If the patient is discharged and has been convicted or subsequently is convicted of a crime for the same acts which served as a basis of the complaint filed under ORS 426.520, the term of any sentence imposed upon the patient for the crime shall be reduced by the amount of time the patient was committed to a state institution under ORS 426.620."

However, this statute did not become law until September 13, 1975. This defendant was sentenced on August 26, 1975. At that time ORS 426.640(4) simply provided:

"Upon a finding by the court that the patient is no longer a sexually dangerous person, the court shall order the patient discharged."

■ It is elementary that retroactive application of a statute is never presumed unless there is a clear legislative expression to that effect, *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1968), unless they are procedural or remedial. *Joseph v. Lowery,* supra. Here there has been no amendment at all of ORS 161.605 authorizing a five-year maximum sentence for a Class C felony, nor of ORS 163.425, the crime charged, indicating any different legislative intent. The fact that the legislature chooses to reduce the maximum term that may be imposed for a crime does not in the absence of express provision so authorizing, effect any reduction in the length of the sentence imposed under the former statute upon a prisoner then serving a sentence imposed under the former statute. *See Portland v. Cook,* 48 Or 550, 557, 87 P 772, 9 LRA (ns) (1906).

Affirmed.